IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FELISA HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 14-0363-WS-M |
| | ) | |
| ESCAMBIA COUNTY SHERIFF | ) | |
| DEP'T., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the Court on defendants' Motion to Dismiss (doc. 14).  The

Motion has been briefed and is ripe for disposition.[1]

**I.      Background.**

Plaintiff, Felisa Holmes, who is proceeding *pro se*, filed a Complaint (doc. 1) against

defendants, Escambia County Sheriff's Department and Sheriff Grover Smith.  On its face, the

two-page Complaint (with numerous attached exhibits) purported to assert only a "legal claim

under the Americans With Disabilities Act" against the Department and Sheriff Smith.  (Doc. 1,

¶ 4.)  In support of this singular cause of action, Holmes alleges in her pleading that on July 26,

2012, she "received a broken hand during an altercation with a lady inmate."  (*Id.*, ¶ 5.)

(Apparently, Holmes was employed by defendants at that time.)  According to the Complaint,

when Holmes reported the incident to her supervisor (who was at home), "no one came to see

about us" and she "had to drive [herself] to the hospital."  (*Id.*)  Holmes complains that (for

unspecified reasons) she "had to wait a week before the county would do anything about [her]

_____

[1]      For purposes of the Rule 12(b)(6) analysis, the Court accepts as true all well-
pleaded factual allegations of the Complaint, and draws all reasonable inferences in the
plaintiff's favor. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (in
reviewing Rule 12(b)(6) motion, court must "accept[] the facts alleged in the complaint as true,"
"draw[] all reasonable inferences in the plaintiff's favor," and "limit[] our review to the four
corners of the complaint").  Of course, "[l]egal conclusions without adequate factual support are
entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

hand," during which interval she purportedly "developed a disease called Reflex Sympatheic [*sic*] Dystrophy," which causes her to have no use of her hand and "severe pain." (*Id.*) In her *ad damnum* clause, Holmes demands $5 million as "compensat[ion] for the disease that is not curable even with surgery" and states that she "need[s] insurance to be [c]ontinued because [*sic*] the medicine is very expensive." (*Id.*)[2]

The Department and Sheriff Smith now move to dismiss the Complaint on multiple asserted grounds, only one of which need be addressed here.

## II.     Analysis.

### A.     *Legal Standard.*

Defendants' Motion to Dismiss argues that the Complaint fails to state a claim upon which relief can be granted; therefore, it is properly analyzed under Rule 12(b)(6), Fed.R.Civ.P. To withstand Rule 12(b)(6) scrutiny and satisfy Rule 8(a), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[ ][its] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012). Thus, minimum pleading standards "require [ ] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As the Eleventh Circuit has explained, *Twombly / Iqbal* principles require that a complaint's allegations be "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and*

---

[2]     The Complaint also includes allegations criticizing the Equal Employment Opportunity Commission ("EEOC") for "fail[ing] to complete [Holmes'] investigation," and purports to seek damages from the EEOC. (Doc. 1, ¶¶ 5-6.) However, plaintiff has not named or served the EEOC as a defendant, nor has she identified any cognizable legal theory that might allow her (a) to hold the EEOC directly liable for alleged defects in its investigation, or (b) to hold the named defendants (Sheriff Smith and the Escambia County Sheriff's Department) liable for any shortcomings by the EEOC in connection with its investigation of her charge of discrimination.

*Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted).  "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, ... but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (citations and internal quotation marks omitted).

In applying this legal standard, the Court proceeds with due regard for the principle that "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  That said, Holmes' *pro se* status does not excuse her from compliance with procedural rules.  *See, e.g., Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (explaining that "we are to give liberal construction to the pleadings of *pro se* litigants," but that "we nevertheless have required them to conform to procedural rules") (citation omitted).  Nor does the leniency afforded *pro se* litigants give this Court license to serve as *de facto* counsel for Holmes or to rewrite otherwise deficient pleadings to help her navigate past defendants' Motion to Dismiss.  *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).[3]  Simply put, "a *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." *Dorsey v. Enterprise Leasing*, --- F. Supp.3d ----, 2015 WL 309527, *2 (D.D.C. Jan. 26, 2015) (citation and internal quotation marks omitted).  Holmes' Complaint falls well short of this fundamental requirement.

---

[3]     *See also Mitchell v. North Carolina Division of Employment Sec.*, --- F. Supp.3d - ---, 2014 WL 7398888, *2 (E.D.N.C. Nov. 3, 2014) (liberal construction of *pro se* pleadings does not permit court to "ignore a clear failure to allege facts that set forth a cognizable claim") (citation and internal quotation marks omitted); *Marchand v. Simonson*, 16 F. Supp.3d 97, 109 (D. Conn. 2014) (in reviewing *pro se* plaintiff's pleadings, court "cannot invent factual allegations that he has not pled") (citation omitted); *Tatten v. Bank of America Corp.*, 912 F. Supp.2d 1032, 1037 (D. Colo. 2012) ("A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged."); *Chapman v. Western Express, Inc.*, 815 F. Supp.2d 1274, 1279 (S.D. Ala. 2011) (in *pro se* plaintiff context, "courts are not required to rewrite an otherwise deficient pleading in order to sustain an action") (citation and internal marks omitted); *Williams v. Quality Filters, Inc.*, 2007 WL 4219201, *4 (S.D. Ala. Nov. 27, 2007) ("The Court therefore declines to construct causes of action for Williams that she could have raised but did not.").

### B.      Sufficiency of Plaintiff's Pleading.

As noted, Holmes purports to be bringing a claim against her employer for violation of the Americans with Disabilities Act ("ADA").  This statute "prohibits covered employers from discriminating based upon the known physical or mental impairments of a qualified individual with a disability," "imposes upon employers the duty to provide reasonable accommodations for known disabilities," and "creates a prohibition on retaliation under the ADA."  *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285-87 (11th Cir. 1997).  In her Complaint, however, Holmes appears to seek to hold defendants liable for not immediately checking on her or transporting her to the hospital after she sustained an on-the-job injury, not arranging for adequate medical treatment of that injury, and not compensating her for the resulting physical impairment.  None of these allegations state a plausible claim that defendants violated the ADA.  The Complaint specifies neither claims nor factual allegations that defendants (i) discriminated against Holmes as to terms and conditions of her employment because of a disability, (ii) failed to provide reasonable accommodations to Holmes for any such disability, or (iii) retaliated against her for engaging in protected conduct under the ADA.

In short, the factual allegations of the Complaint, as pleaded, have no perceptible nexus to any plausible claim that might be asserted under the ADA.  Holmes is not complaining that her employer took some adverse employment action against her because of a disability, or that it deprived her of a reasonable accommodation that would have allowed her to do her job despite such disability.  Instead, Holmes' lawsuit appears to be animated by her belief that her employer was not sufficiently attentive to her when she sustained an on-the-job injury.  After all, Holmes unambiguously pleads in her Complaint, "I want to be compensated for the disease" that allegedly resulted from her on-the-job injury.  This formulation sounds an awful lot like a workers' compensation / personal injury claim, rather than an ADA claim.  Even if Holmes had sued on a workers' compensation / personal injury theory (which she did not), she may be barred as a matter of law from asserting such a claim against her employer.[4]  By the express terms of the

---

[4]      Plaintiff's coverage status under the Alabama Workers' Compensation Act is established by well-pleaded facts in the Complaint, including Holmes' admission that she is "drawing workmen's comp."  (Doc. 1, ¶ 5.)  Furthermore, in briefing the Motion to Dismiss, Holmes indicates that she is presently receiving "a Workman Comp check from the county" and that she expects to continue doing so "each month for the next 37 years."  (Doc. 18, ¶ 1.)  Thus, plaintiff's own factual allegations strongly suggest that she is covered by, and receiving benefits (Continued)

Alabama Workers' Compensation Act, "no employee … shall have a right to any other method, form, or amount of compensation or damages for an injury or death occasioned by an accident or occupational disease proximately resulting from and while engaged in the actual performance of the duties of his or her employment."  Ala. Code § 25-5-52.  Indeed, that statute's rights and remedies "shall exclude all other rights and remedies of the employee … on account of injury, loss of services, or death."  Ala. Code § 25-5-53.  To the extent that Holmes is attempting to use her Complaint as an end-run around the exclusivity and immunity provisions of the Alabama Workers' Compensation Act, such an endeavor would appear impermissible.[5]

The point is twofold.  First, the facts alleged in the Complaint do not come close to pleading a viable claim of employment discrimination, failure to accommodate, or retaliation under the Americans with Disabilities Act, which is the lone cause of action identified therein. Second, even reading the Complaint liberally in deference to Holmes' *pro se* status, the Court does not readily perceive how its well-pleaded facts might support a cognizable claim on any legal or equitable theory.  As noted *supra*, the Court cannot do Holmes' work for her.  It cannot rewrite or reimagine the Complaint into something it is not, act as *de facto* counsel for Holmes, or "fill in the blanks" to supply a legal theory that she has not identified.  In its present form, this Complaint plainly fails to state a claim upon which relief can be granted; therefore, it is properly dismissed without prejudice, pursuant to Rule 12(b)(6).

The general rule applied to *pro se* plaintiffs in this Circuit is that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).[6]  However, the Rule 12(b)(6) dismissal being ordered by

---

under, the Act for the very on-the-job injury for which she now demands compensation from her employer in this lawsuit.

[5]     "It is well-settled that an action brought under our Workmen's Compensation Act is the exclusive remedy in situations where the employee sues his employer for injury in the course of his employment." *Parker v. Thyssen Min. Const., Inc.*, 428 So.2d 615, 617 (Ala. 1983).

[6]     The Eleventh Circuit has since retreated from *Bank* in the context of plaintiffs represented by counsel.  *See Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) ("A district court is not required to grant a plaintiff leave to amend (Continued)

this Court is <u>without</u> prejudice, thereby removing it from the purview of *Bank*.  *See Quinlan v. Personal Transport Services Co.*, 2009 WL 1564134, \*2 (11th Cir. June 5, 2009) ("we never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint *without prejudice*"); *Bazrowx v. Scott*, 136 F.3d 1053, 1054-55 (5th Cir. 1998) (dismissal of *pro se* complaint without granting leave to amend was proper where dismissal was without prejudice); *Lankster v. AT & T*, 2013 WL 1389982, \*4 (S.D. Ala. Apr. 4, 2013) (similar).

**III.      Conclusion.**

For all of the foregoing reasons, Defendants' Motion to Dismiss (doc. 14) is **granted**, and this action is **dismissed without prejudice** pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief can be granted.  A separate judgment will enter.

DONE and ORDERED this 4th day of May, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").  But the *Wagner* holding has not been extended to unrepresented parties; to the contrary, the Eleventh Circuit has continued to adhere to the *Bank* rule where *pro se* plaintiffs are involved.  *See De Souza v. JPMorgan Chase Home Lending Div.*, 2015 WL 1868236, \*4 (11th Cir. Apr. 24, 2015) ("Where it appears that a more carefully drafted complaint might state a claim, a *pro se* plaintiff must be given at least one opportunity to amend the complaint before the court dismisses the action with prejudice."); *Edwards v. Fernandez-Rundell*, 2013 WL 1104129, \*1 (11th Cir. Mar. 18, 2013) ("our decision in *Wagner* did not disturb our decision in *Bank* with respect to a *pro se* litigant's right to amend").  Thus, *Bank* remains good law in cases involving *pro se* plaintiffs.